### E. J. Green *v.* William Cates.

**Sale of Real Estate—Title Bond—Warranty—Purchaser.**

Where a title bond is assigned the implied warranty is, not that the land is free of incumbrance, but that the assignor has title to the bond.

The purchaser of a title bond is bound to take notice of its contents, and where reference is made therein to notes that constitute a lien on the land described in the bond, he is held to take such bond subject to such notes.

APPEAL FROM GRANT CIRCUIT COURT.

October 16, 1874.

Opinion by Judge Lindsay:

The evidence conduces to show that Cates understood the agreement of the 20th of August, 1865. If he did, his written acknowledgment that Green had complied with his undertaking ought to conclude him, there being neither averment nor proof that said acknowledgment was procured by fraud or executed by mistake.

But if it be true that Green agreed to transfer to Cates the bond

for title, still it by no means follows that he is bound to remove the incumbrance created by the note executed to Plunkett and assigned by him to Hudson. Upon this assignment of a title bond, the law does not imply a warranty of title to the land described. The implied warranty is that the assignor has title to the bond.

It seems from Cates' answer to the action of Hudson's administrator, that it appeared upon the face of the bond that a note for two hundred dollars was executed by Fenwickes to Plunkett, and he seeks to avoid the lien because said note does not bear even date with the bond. The bond was enough of itself to put Cates upon inquiry. But further than this Fenwickes swears that he informed Cates of the existence of the note, and that it had not been paid before the purchase of the bond from Green.

Under the circumstances of this case, to authorize a judgment for Cates against Green, it is necessary to show that pending the negotiations betwen them, Green expressly represented to Cates that the purchase price due from Fenwickes to Plunkett had been fully paid, or made such other representation as in law amounts to a warranty of title, not to the bond but to the land itself, and this is what this court meant when it said in its former opinion, that Green might, in view of his representations, be liable for the costs of the suit, or possibly for indemnity against the incumbrance.

The evidence fails to show representations by Green amounting to either a fraud or warranty of title. It was therefore error to render judgment against him.

The judgment appealed from is *reversed* and the cause remanded with instructions to dismiss Cates' cross-petition so far as he seeks relief. against Green.

*Lindseys, for appellant.*
*J. M. Collins, for appellee.*